1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

BEDAVAILABILITY.COM, a California
corporation,

                                    Plaintiff,

        vs.

A BED AVAILABLE, LLC, a Washington
limited liability corporation, JOSEPH
PAFFILE,

                                    Defendants.

CASE NO. 06cv2401-LAB (LSP)

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION
AND FOR FAILURE TO STATE A
CLAIM**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        On October 30, 2006, Plaintiff filed its Complaint against Defendants A Bed Available,
LLC, ("A Bed Available") and a Defendant identified as  "Jim Paffile," and a summons was
issued as to both.  On November 8, 2006, before any responsive pleading was filed, Plaintiff
filed an Amended Complaint naming A Bed Available and Joseph Paffile, a managing
member of A Bed Available, as Defendants.  Summonses were issued as to both, and were
returned and filed November 27, 2006.  That same day, Defendants filed a motion pursuant
to Fed. R. Civ. P. 12(b)(2), (4), and (6) to dismiss for lack of personal jurisdiction, or for
defects in process, or for failure to state a claim (the "Motion").

        According to the pleadings, Bedavailability.com is a California corporation with its
principal place of business in this district, while A Bed Available is a limited liability company
organized under the laws of the state of Washington, where it has its principal place of

business.  Both Bedavailability.com and A Bed Available allegedly operate websites that provide information on the availability of accommodations in retirement care facilities, skilled nursing facilities, and assisted living facilities (collectively, "Care Facilities") in the United States.  Plaintiff alleges Defendants are liable pursuant to the Lanham Act because the website (including the name and logos) used by A Bed Available is confusingly similar to its own, and because A Bed Available is allegedly intentionally confusing consumers and drawing away Bedavailability.com's customers.  Plaintiff alleges both Defendants engaged in the Lanham Act violations.  Plaintiff has also brought California state claims, which it contends arise from the same set of operative facts.

## I.    Personal Jurisdiction

Defendants characterize the services offered by A Bed Available as listing services for Care Facilities, and contend the services are to be performed entirely within the state of Washington.  They provide documentation that these agreements are expressly subject to venue and jurisdiction in Washington and are to be construed under Washington law. (Paffile Decl. in Supp. of Mot. to Dismiss, ¶ 12.)   Defendants add, however, that A Bed Available "is engaged in the business of helping families and advocates locate a care facility for a loved one or client." (*Id.* at ¶ 9.)  Defendants contend that Defendant Paffile has had no contacts with the state of California at all for the past fifteen years, and that A Bed Available has only limited contacts with California.

Defendant Paffile's declaration states that each Care Facility pays a fee of $99 to be listed on its website, and that the total fees paid by Care Facilities in California amounts to less than $2000.  (Paffile Decl., ¶¶ 12, 13.)

Defendant Paffile declares specifically that its website "is not directed at California residents.(Paffile Decl., ¶ 11.)  A Bed Available "does not direct any of its advertising specifically toward California residents, nor does it advertise in any publications that are directed primarily toward California residents." (*Id.*, ¶ 21.)

Defendant Paffile has declared that "all of the activities complained of by the Plaintiff were undertaken by Defendant A Bed Available LLC and/or me in my capacity as a

1    managing member, not as an individual." (Paffile Decl., ¶ 23.) His declaration further makes

2    special mention of the precautions he and A Bed Available took to limit fora for litigation

3    against them to Washington courts.  (*Id.*, ¶ 25.)

4        Defendants contend that they were not served in the state of California, are not

5    domiciled within the state, have not consented to suit in the state, and lack minimum

6    contacts with the state.  Plaintiff does not contest the first three denials, but argues

7    Defendants do have the required minimum contacts with the state to make them amenable

8    to suit in California.

9        The parties have cited no federal statute governing personal jurisdiction, so the Court

10    applies California law. *Panavision Int'l., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)

11    (citing *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993)).  In this

12    case, California's long-arm statute permits courts to exercise personal jurisdiction to the

13    extent permitted by the Constitution's Due Process Clause.  Cal. Code Civ. P. § 410.10.

14        "The Due Process Clause protects an individual's liberty interest in not being subject

15    to the binding judgments of a forum with which he has established no meaningful contacts,

16    ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (citing *Int'l*

17    *Shoe Co. v. Washington*, 326 U.S. 310 (1945) (internal quotation marks omitted).  Individuals

18    must have "fair warning" that a particular activity may subject them to the jurisdiction of the

19    forum state. *Id.* at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977)).  "[The] 'fair

20    warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at

21    residents of the forum, and the litigation results from alleged injuries that 'arise out of or

22    relate to' those activities. . . ." *Id.* (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770,

23    774 (1984); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

24        In the internet context, maintenance of a website or internet advertisement alone is

25    not enough to subject a party to personal jurisdiction in the forum; rather, there must be

26    "something more" to "indicate that the defendant purposefully (albeit electronically) directed

27    his activity in a substantial way to the forum state." *Panavision Int'l*, 141 F.3d at 1321

28    (quoting *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir.1997)).  Personal

1   jurisdiction may be based on a the effects of intentional actions expressly aimed at the forum

2   stat and causing harm, the brunt of which is suffered — and which the defendant knows is

3   likely to be suffered — in the forum state.  *Id.* at 1321 (citing *Core-Vent*, 11 F.3d at 1486.)

4   The Ninth Circuit has spoken clearly to this issue, holding that, even where a defendant

5   never enters the plaintiff's home state but merely posts material accessible on the internet

6   giving rise to a Lanham Act claim, a district court in the plaintiff's home state has personal

7   jurisdiction over the defendant because infringement would create an injury which would be

8   felt mainly in that state.  *Id.* at 1322.

9       Plaintiff has also pointed out that its claims arise out of Defendants' activities

10  specifically aimed at California residents.  As noted, Defendants admit they entered into

11  agreements with Care Facilities in California.  Given the nature of the services advertised,

12  it is reasonable to infer A Bed Available's website is aimed at California residents who are

13  interested in locating available beds in California Care Facilities.  Finally, Plaintiff has

14  submitted evidence showing Defendants directly targeted California residents.  Plaintiff has

15  submitted evidence showing that A Bed Available direct mailed individuals in California

16  advertising the website.  (Opp'n, Exs. A (electronic mail messages from California residents

17  to Bedavailability.com referencing direct mail), B (example of direct mailed post card to

18  California resident).)  Plaintiff has also submitted evidence showing that A Bed Available's

19  website directed users to at least twelve Care Facilities in various cities in California known

20  to have available beds (including Care Facilities in this district), and large numbers of other

21  Care Facilities without known beds available.  (*Id.*, Exs. D–F.)

22      Defendants' contentions notwithstanding, it appears Defendants intentionally solicited

23  business from substantial numbers of customers in California.  This is sufficient to show, as

24  a threshold matter, that Defendants purposefully directed their activities to California

25  residents, including residents of this district.

26      Defendant Paffile's contention that "[a]ll of the activities complained of by the Plaintiff

27  were undertaken by A Bed Available LLC and/or Mr. Paffile in his capacity as a managing

28  member, and not as an individual," is of no help to him.  Plaintiff has alleged that both

1  Defendants committed the infringing acts.  A corporate officer or director is "personally liable
2  for all torts which he authorizes or directs or in which he participates, notwithstanding that
3  he acted as an agent of the corporation and not on his own behalf."  *Committee for Idaho's*
4  *High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (quoting *Transgo, Inc. v. Ajac*
5  *Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1986)) (holding that officers could
6  be personally sued for claims in Lanham Act violations).

7        Defendants' citation to their agreements' forum selection clauses in agreements is
8  unavailing, because Plaintiff's claims do not arise out of these agreements, and Plaintiff in
9  any event is not a party to them.

10        Defendants have also attached a "Terms of use" page from the A Bed Available
11  website requiring that users of the site consent to the arbitration of any disputes in Seattle,
12  Washington, and requiring users to consent to their relationship with A Bed Available to be
13  governed by Washington law.  (Paffile Dec., Ex. C.)  This has no bearing on the question
14  before the Court, however, as there is no indication Plaintiff has consented to be bound by
15  this provision, and Plaintiff's claims do not arise out of its use of the website.

16        Because it appears Defendants purposely directed their allegedly infringing activities
17  into California; because Defendants could reasonably anticipate that tortious infringement
18  of Plaintiff's rights would give rise to a cause of action in Plaintiff's home forum; and because
19  infringement of Plaintiff's trademark rights would naturally affect Plaintiff most in its home
20  state, this Court's exercise of personal jurisdiction over Defendants is reasonable.

21  **II.    Defective Service of Process**

22        Defendants' sole contention in this respect is that Defendant Joseph Paffile was
23  served as Jim Paffile.  As noted, Plaintiff filed an amended complaint and served Joseph
24  Paffile anew.  The Amended Complaint lists "Joseph Paffile" as a Defendant.  The summons
25  is addressed to "Jim Paffile;" the return of service lists "Jim Paffile" as the party, but notes
26  that "Joseph Paffile" is his correct name.  Mr. Paffile obviously has received actual notice
27  and knows Plaintiff is attempting to sue him for his actions on behalf of A Bed Available.
28  / / /

1    Fed. R. Civ. P. 15(c)(3) provides, in pertinent part, that an amendment of a pleading

2    relates back to the date of the original pleading when

3           the amendment changes the party or the naming of the party against whom
            a claim is within the period provided by Rule 4(m) for service of the summons
4           and complaint, the party to be brought in by amendment (A) has received
            such notice of the institution of the action that the party will not be prejudiced
5           in maintaining a defense on the merits, and (B) knew or should have known
            that, but for a mistake concerning the identity of the proper party, the action
6           would have been brought against the party.

7    The Court holds that both conditions (A) and (B) have been met, and that Plaintiff has

8    therefore properly added Defendant Joseph Paffile by amendment.  Service on Defendant

9    Paffile, though slightly irregular, is adequate and need not be repeated.  *See Campbell v.*

10   *Fernando-Sholes,* 2006 WL 2917353, slip op. at *2 (D.Ariz. 2006) (refusing to quash

11   summons that used slightly incorrect name but that was served on the correct defendant).

12   *See also United Food and Commercial Workers Union, Locals 197, et al. v. Alpha Beta Co.*,

13   736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule which is liberally construed to

14   uphold service as long as defendant receives sufficient notice of the complaint.").

15   **III.    Failure to State a Claim**

16          Defendants argue that Plaintiff has failed to define what services that infringe

17   Plaintiff's rights A Bed Available has offered in interstate commerce, Plaintiff has failed to

18   state a claim.  Defendants contend Plaintiff has failed to state which services were offered

19   in interstate commerce, and whether A Bed Available or Joseph Paffile allegedly caused the

20   infringement.  This argument is based largely on what appears to be a clerical error in the

21   Amended Complaint, at ¶ 27, in which "Infringing Services" is used as a defined term when

22   it has not been previously defined.  A drafter's note to herself to correct this error was

23   apparently left in the Amended Complaint.  In view of the previous two paragraphs, which

24   identify the services offered by Plaintiff and A Bed Available as being the same and as being

25   offered on the A Bed Available website, any confusion caused by this clerical error is minor

26   at most.   Under notice pleading rules, a simple and obvious clerical error is not an

27   appropriate basis for dismissal.  *See Horne v. New England Patriots Football Club, Inc.*, 489

28   F. Supp. 465, 468 n.1 (D.Mass. 1980).

1  The Amended Complaint alleges that both Defendants offered the infringing services

2  for sale in interstate commerce.  (Amended Complaint, ¶¶ 12, 14, 15, 26.)  Defendants have

3  not shown that this fails to state a claim.

4  **IV.    Conclusion and Order**

5  For these reasons, Defendants' Motion is **DENIED**.  In view of the correction of Mr.

6  Paffile's name in the Amended Complaint, the Clerk of this Court shall correct the caption

7  in this action to reflect the fact that Mr. Paffile's first name is Joseph.

8

9  **IT IS SO ORDERED**.

10  DATED:  February 9, 2007

11

12  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28